10-797-cv
Fireman's Fund Ins. Co. V. TD Banknorth Ins. Agency

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            Chief Judge,
          GUIDO CALABRESI,
          ROBERT D. SACK,
                            Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

FIREMAN'S FUND INSURANCE COMPANY,
          Plaintiff-Counter-Defendant-
          Appellee,

          -v.-                                          10-797-cv

TD BANKNORTH INSURANCE AGENCY
INCORPORATED, f/k/a MORSE, PAYSON &
NOYES INSURANCE,
          Defendant-Counter-Claimant-
          Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    FREDERICK M. KLEIN (Robert M.
                                  Sullivan, on the brief), The
                                  Sullivan Law Group LLP, New
                                  York, New York.

**FOR APPELLEE:** CHRISTOPHER B. WELDON (Darren P. Renner, Debra M. Krebs, <u>on the brief</u>), Keidel, Weldon & Cunningham, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the District of Connecticut (Droney, <u>J.</u>) .

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

In 2008, Appellant TD Banknorth Insurance Agency ("TD Banknorth") and Appellee Fireman's Fund Insurance Company ("Fireman's Fund") brought competing claims for declaratory judgment as to ownership of certain settlement funds being held in escrow. The dispute arose after a client sued TD Banknorth for alleged errors and omissions, and TD Banknorth sought coverage from its professional liability insurer, Fireman's Fund. TD Banknorth paid its deductible ($150,000); and Fireman's Fund contributed an additional $204,000, thus settling these claims for a combined $354,000.[1] The parties later obtained a $208,000 settlement of their own from two third parties and placed the amount in escrow. TD Banknorth now seeks to recover the cost of its deductible from these settlement proceeds, and Fireman's Fund seeks to cover its contribution, plus defense costs. The facts are recited in detail in our 2011 opinion in this case. <u>See</u> <u>Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc.</u>, 644 F.3d 166, 168 (2d Cir. 2011).

TD Banknorth relies principally on the "make whole" doctrine, which provides that "the insurer may enforce its subrogation rights only after the insured has been fully compensated for all of its loss." <u>United States v. Lara</u>, No. 3:08-cr-00169(VLB), 2009 WL 3754069, at *2 (D. Conn. Nov. 6, 2009) (citing <u>Wasko v. Manella</u>, 269 Conn. 527, 849 A.2d 777, 784 (2004)). On cross motions for summary judgment, the United States District Court for the District of Connecticut (Droney, <u>J.</u>) ruled, <u>inter alia</u>, that the make

---

[1] These figures are rounded to the nearest thousand.

whole doctrine does not apply to reimbursement of an insured's deductible, and entered judgment for Fireman's Fund.[2]  See Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc., 3:08-CV-364CFD, 2010 WL 420041, at *2 (D. Conn. Feb. 1, 2010).

On appeal, we certified the following question to the Connecticut Supreme Court: "Are insurance policy deductibles subject to Connecticut's make whole doctrine?"  Fireman's Fund Ins. Co., 644 F.3d at 172-73.  On July 30, 2013, the Supreme Court confirmed that the make whole doctrine is the default rule in Connecticut, and answered the certified question in the negative:

> [W]e find persuasive the analogy that the deductible is, in effect, akin to "a primary layer of self-insurance underlying the [liability insurance] policy, which policy is, as a practical matter, the equivalent of an excess policy . . . . [W]hen there is a recovery, the 'excess' level of insurance is entitled to recover before a lower level of insurance/deductible can recover. . . .

> Accordingly, we conclude that the equitable considerations supporting the make whole doctrine are inapplicable to deductibles.  If we were to decide otherwise, as TD Banknorth urges, we would effectively disturb the contractual agreement into which TD Banknorth and Fireman's Fund entered, thereby creating a windfall for TD Banknorth for a loss that it did not see fit to insure against in the first instance when it contracted for lower premium payments in exchange for a deductible.

Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency, Inc., 309 Conn. 449, 468 (2013) (internal citations omitted).

---

[2] In our 2011 opinion, we rejected the district court's alternative basis for its ruling--that the subrogation clause in the parties' insurance agreement abrogated Connecticut's make whole doctrine.  See Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc., 644 F.3d 166, 169-71 (2d Cir. 2011).

TD Banknorth therefore may not claim reimbursement for the cost of its deductible until Fireman's Fund has been repaid in full.  Because the expenses incurred by Fireman's Fund, including both damages and defense costs,[3] exceed the $208,000 of settlement funds being held in escrow, Fireman's Fund is entitled to the entire amount.

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[3] Pursuant to the parties' contract, the deductible covers both damages and defense costs.  A 67.

4